| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| *versus* | § | CASE NO. 4:15-CR-155(11) |
| | § | |
| JUAN CARLOS PORRAS QUINTERO | § | |

**MEMORANDUM AND ORDER**

Pending before the court are Defendant's Juan Carlos Porras Quintero's ("Quintero") *pro se* Motion Reply and Memorandum Motion Reply regarding his Motion for Compassionate Release (#s 536, 537), which the court construes as a second and third request for reconsideration of the court's February 11, 2021, Order (#535) denying his initial motion for compassionate release or home confinement (#515). United States Pretrial and Probation Services ("Probation") submitted an updated report, which recommends the denial of Quintero's motions. The Government filed a response in opposition (#543). Having considered the motions, the Government's response, Probation's recommendation, the record, and the applicable law, the court is of the opinion that the motions should be denied.

In the instant motions, Quintero does not present any new bases for relief, assert any novel legal arguments, raise any substantial factual or legal issues warranting relief, show that he is receiving inadequate health care at the contract facility where he is housed, or demonstrate that he would not pose a danger to society if released from prison. Moreover, when a defendant moves for compassionate release he must establish three criteria. *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). First, he must meet one of two conditions listed in § 3582(c)(1)(A)—either the defendant has extraordinary and compelling reasons that warrant a reduction under 18 U.S.C. § 3582(c)(1)(A)(i) or the defendant is at least 70 years of age, has

served at least 30 years in prison, and meets the additional requirements of 18 U.S.C. § 3582(c)(1)(A)(ii). *Id.* at 391. Second, the defendant "must show that compassionate release is consistent with the applicable policy statements from the [United States Sentencing Commission ("Commission")]." *Id.* at 392. Third, the defendant "must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors."[1] *Id.*; *accord United States v. Keys*, 846 F. App'x 275, 276 (5th Cir. 2021); *United States v. Cooper*, 996 F.3d 286, 287 (5th Cir. 2021).

Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. Rather, Congress elected to delegate its authority to the Commission. *See* 28 U.S.C. § 994(t) (directing the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"); *Cooper*, 996 F.3d at 287; *Shkambi*, 993 F.3d at 392. Prior to the passage of the First Step Act, the Commission issued a policy statement set forth in U.S.S.G. § 1B1.13, which, along with its commentary, describes what reasons qualify as

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable United States Sentencing Guideline ("U.S.S.G.") provisions and policy statements; any pertinent policy statement of the Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

2

extraordinary and compelling.[2] However, § 1B1.13 references only motions filed by "the Director of the Bureau of Prison [("BOP")] "—not an individual defendant.[3] Consequently, the Fifth Circuit has held that when a defendant files a motion for compassionate release on his own behalf, the Commission's policy statement in § 1B1.13 is not applicable because that policy statement governs only motions filed by the Director of the BOP. *Cooper*, 996 F.3d at 287; *Shkambi*, 993 F.3d at 392. Nevertheless, while recognizing that they are not binding, the court finds that the Commission's policy statement contained in § 1B1.13 and the commentary thereto inform its analysis as to what reasons may be deemed sufficiently extraordinary and compelling to warrant compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (upholding denial of compassionate release and recognizing that the court was guided in its analysis by the commentary to U.S.S.G. § 1B1.13).

In his initial motion for compassionate release, Quintero, age 48, asserted that extraordinary and compelling reasons for his release existed due to his medical condition. In its

---

[2] In Application Note 1 to § 1B1.13 of the U.S.S.G., the Commission defined "extraordinary and compelling reasons" to include the following four categories of circumstances: (i) certain medical conditions of the defendant; (ii) the defendant is 65 years or older and meets other requirements; (iii) the defendant's family has specified needs for a caregiver; and (iv) other reasons in the defendant's case that establish an extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1.

[3] U.S.S.G. § 1B1.13 was last amended on November 1, 2018. The Commission has, to date, been unable to amend § 1B1.13 to incorporate the changes wrought by the First Step Act due to the lack of a quorum. The Commission consists of seven voting members and, per statute, requires four members for a quorum to amend the guidelines. 28 U.S.C. §§ 991(a), 994(a). At present, the Commission has only one voting member.

Memorandum and Order, dated February 11, 2021 (#535), the court considered Quintero's medical conditions—specifically, his hypertension, high cholesterol, damage to his arteries, respiratory problems, and heart problems—and determined that his medical status did not constitute an extraordinary and compelling circumstance warranting his early release from prison. The United States Court of Appeals for the Fifth Circuit subsequently held in *Shkambi* that when a defendant files a motion for compassionate release on his own behalf, the Sentencing Commission's policy statement in § 1B1.13 is not applicable because that policy statement governs only motions filed by the Director of the BOP. 993 F.3d at 392. Nevertheless, while recognizing that they are not binding, the court finds that the Commission's policy statement contained in § 1B1.13 and the commentary thereto inform its analysis as to what reasons may be deemed sufficiently extraordinary and compelling to warrant compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (upholding denial of compassionate release and recognizing that the court was guided in its analysis by the commentary to U.S.S.G. § 1B1.13). Upon reconsideration, the court again finds that Quintero's medical conditions do not suffice, as they are not terminal, do not substantially diminish his ability to provide self-care in the institutional setting, or otherwise present extraordinary and compelling reasons justifying compassionate release. *See Thompson*, 984 F.3d at 433.

Moreover, as noted previously by the court, Quintero's conditions are well-managed with medication. *See id.* As Probation observes, Quintero's medical records as of February 4, 2021,

reflect that "[t]here have been no changes in Mr. Quintero's status or the contract facility where he is housed since his last request for a reduction in sentence." The Government also reports that, according to Quintero's medical records, he received the Janssen, also known as the Johnson & Johnson, COVID-19 vaccine on May 12, 2021. To date, the BOP has administered approximately 195,504 doses of COVID-19 vaccines to inmates.

In the Fifth Circuit and elsewhere, courts have denied early release to inmates with a variety of medical conditions who, like Quintero, have been vaccinated for COVID-19. *See United States v. Parham*, No. 1:19-CR-133-LG-RHW-1, 2021 WL 1911899, at \*2 (S.D. Miss. May 12, 2021) (finding that "generalized concerns of contracting COVID-19[] are not an 'extraordinary and compelling reason'" where the defendant had received the COVID-19 vaccine); *United States v. Schad*, No. CR 2:17-225-3, 2021 WL 1845548, at \*4 (S.D. Tex. May 5, 2021) (denying compassionate release where the defendant had been fully vaccinated against COVID-19); *United States v. Wakefield*, No. 1:19-CR-00095-MR-WCM, 2021 WL 640690, at \*3 (W.D.N.C. Feb. 18, 2021) ("Because [the defendant] has already contracted the virus and recovered without complication, and because he is in the process of being vaccinated, the [d]efendant cannot meet his burden of establishing that his COVID-19 risk is an extraordinary and compelling reason for his release."); *United States v. Grummer*, No. 08-CR-4402-DMS, 2021 WL 568782, at \*2 (S.D. Cal. Feb. 16, 2021) (denying compassionate release and noting that "[a]lthough Defendant suffers from several chronic medical conditions, his vaccination significantly mitigates the risk that he will contract COVID-19"); *United States v. Beltran*, No. 6:16-CR-00004, 2021 WL 398491, at \*3 (S.D. Tex. Feb. 1, 2021) (denying compassionate release to a high-risk inmate with myriad underlying medical conditions who received the vaccine, finding that "vaccination significantly

reduces [the] risk of contracting COVID-19 or experiencing complications related to a COVID-19 infection."); *accord United States v. Isidaehomen*, No. 3:16-CR-0240-B-4, 2021 WL 243458, at *3 (N.D. Tex. Jan. 25, 2021). Moreover, according to www.bop.gov, as of June 18, 2021, at the North Lake Correctional Institution where Quintero is housed, there are 0 inmates (out of a total inmate population of 1,606) who have confirmed positive cases of COVID-19, 123 inmates members who have recovered, and 2 inmates who succumbed to the disease. Thus, it appears that the facility is handling the outbreak appropriately and providing adequate medical care. Therefore, Quintero has failed to establish the existence of sufficient reasons based on his medical condition or the COVID-19 pandemic that would constitute extraordinary and compelling reasons to reduce his sentence.

The court also notes that, according to Probation, Quintero has served only approximately 53% of his 11-year sentence of imprisonment for his role in a large scale, international drug-trafficking conspiracy in which he was held responsible for distributing 450 kilograms or more of cocaine with the intention that the cocaine would be unlawfully imported into the United States. Such a reduced sentence would be insufficient to provide just punishment for the offense or afford adequate deterrence to criminal conduct under the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Chambliss*, 748 F.3d 691, 693-94 (5th Cir. 2020); *Thompson*, 984 F.3d at 434-35. Additionally, Quintero has an immigration detainer pending, and, upon his release from imprisonment, he will likely be deported to Colombia, such that Probation is unable to verify a valid release plan.

Accordingly, Quintero's motions for reconsideration (#s 536, 537) are DENIED. Quintero is advised that the court will not consider yet another motion for reconsideration unless he can show a significant change in circumstances.

SIGNED at Beaumont, Texas, this 18th day of June, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE